IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**THELMA L. FLEMING,**

    **Plaintiff,**                         **CIVIL ACTION NO.**

                                        **JURY TRIAL DEMANDED**

**vs.**

**GASTROENTEROLOGY CENTER OF
THE MIDSOUTH, P.C., VICKI POLLEN,
Individually, SHERRI BUTLER, Individually,
JANET HOWELL, Individually, and DEBRA
COOK, Individually.**

    **Defendants.**

## COMPLAINT FOR DISCRIMINATION

    **COMES NOW**, the Plaintiff, Thelma L. Fleming, and complains as follows:

### I.   PREAMBLE

    1.   This action is brought pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended); the Civil Rights Act of 1871; pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, and 42 U.S.C. § 1986; pursuant to the Fourteenth Amendment to the United States Constitution; and pursuant to the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* (õTHRAö) and Tennessee state law, in order to recover damages against Defendants for the unlawful employment practices that Plaintiff, Thelma L. Fleming has suffered as a result of discrimination against her on account of her race as well as retaliation against her when she opposed Defendantøs discriminatory conduct.

## II.     JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 which govern state law claims.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended or "Title VII"); 42 U.S.C. § 1981, § 1985 and § 1986; and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA").

3. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to The Declaratory Judgment Statute, 22 U.S.C. § 2201 and Tennessee state law.  The Court's pendent jurisdiction of claims arising under Tennessee state law is further invoked.

4. Plaintiff, Thelma L. Fleming, an African American female and resident of the State of Tennessee, filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") on or about December 29, 2010, and was subsequently issued a right to sue letter on January 31, 2012, which she received on or about March 3, 2012.

5. Plaintiff has complied fully with the prerequisites of jurisdiction in this Court under Title VII.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to these claims occurred in Germantown, Shelby County, Tennessee.  These Defendants maintain offices, transact business, have agents, and are found in Germantown, Shelby County, Tennessee.  Plaintiff was unlawfully terminated by Defendant and is not currently employed by Defendant in Germantown, Tennessee.

## II.  PARTIES

6.     Plaintiff began her employment with Defendant Gastroenterology Center of the Mid-South, P.C. ("Gastro One") on or about August 2007.  She was employed by Defendant Gastro One for more than three (3) years in Germantown, Tennessee until she was unlawfully discharged on or about September 28, 2010.

7.     Defendant Gastro One is a corporation operating in Germantown, Shelby County, Tennessee, with offices located at 1324 Wolf Park Drive, Germantown, Tennessee 38138-3945.  David M. Harano, the Registered Agent for Gastro One, may be served with process for Defendant Gastro One at 2020 Exeter Road, Germantown, Tennessee 38138-3945.

8.     Defendant Vicki Pollen is an employee of Gastro One and at all relevant times hereto, acted individually and on behalf of her employer, Gastro One.  Pollen may be served with process at Gastro One's headquarters located at 1310 Wolfe Park Drive, Germantown, Tennessee 38138-3945.

9.     Defendant Sheri Butler is an employee of Gastro One and at all relevant times hereto, acted individually and on behalf of her employer, Gastro One.  Butler may be served with process at Gastro One's headquarters located at 1310 Wolfe Park Drive, Germantown, Tennessee 38138-3945.

10.    Defendant Debra Cook is an employee of Gastro One and at all relevant times hereto, acted individually and on behalf of her employer, Gastro One.  Cook may be served with process at Gastro One's headquarters located at 1310 Wolfe Park Drive, Germantown, Tennessee 38138-3945.

### III.  FACTUAL BACKGROUND

11.     Plaintiff was hired by Defendant Gastro One as a scope technician in August 2007.

12.     Scope technicians for Gastro One are assigned to clean scopes and other related medical equipment used to perform exams, biopsies and other medical procedures involving the colon.  As a result of using said scopes for these intrusive and sensitive procedures, it is necessary that they are thoroughly cleansed before and after procedures.

13.     After Plaintiff was hired, she was certified as a scope technician and received satisfactory to above average annual evaluation scores in 2008, 2009 and 2010.

14.     Defendant Howell, a white female, was hired after Plaintiff, and Plaintiff trained Howell regarding scope technician duties.

15.     During the summer of 2010, the relationship between Plaintiff and Defendant Howell deteriorated as a result of the unequal treatment that Plaintiff received as opposed to her less senior and white colleague, Howell.

16.     Plaintiff was treated differently than Defendant Howell and this unequal treatment was supported by Defendant Pollan, a white female and Plaintiff's supervisor; Defendant Sherri Butler, a white female and facility manager; and Defendant Cook, also a white female and the Human Resources Director.

17.     Defendant Pollan issued a written warning to both Plaintiff and Howell on or about September 2, 2010 regarding a conflict between the two.

18.     On September 23, 2010, Defendant Pollan issued a final written warning to both Plaintiff and Howell regarding another conflict between the two.

19. On or about September 10, 2010, Defendant Gastro One was advised of an incident where foreign tissue remaining on a scope from one patient had entered another patient because the scope was not properly cleaned. As a result of this incident, Gastro One reeducated all of its employees on the importance of cleaning equipment.

20. On or about September 22, 2010, Defendant Gastro One again discovered three caps belonging to scopes with residual tissue in them. Gastro One determined that these caps had not been properly cleaned. Defendant Gastro One reeducated the employees again and attempted to issue a procedure to track which employees where cleaning caps.

21. Approximately five (5) days later, on or about September 28, 2010, Defendant Gastro One discovered another cap containing tissue evidencing the fact that it had not been cleaned.

22. Plaintiff and Defendant Howell were on duty at the time and both were assigned to clean caps.

23. Defendant Howell was given an opportunity to explain why she was not at fault for not cleaning the subject cap.

24. Plaintiff was not given the same opportunity to explain why she was not at fault.

25. Plaintiff was terminated for patient care issues related to the unclean cap found on September 28, 2010 during the time that both she and Howell were assigned to clean caps.

26. Plaintiff had not received any written or final warnings regarding patient care issues or cleaning equipment prior to her termination.

5

27. Defendant Howell, a similarly-situated white female, was not terminated or reprimanded although Gastro One did not conclusively prove that Howell not at fault for the unclean cap.

28. As a result of Defendants' attempt to conspire against her and constructively discharge her, on December 29, 2010, Plaintiff filed a Complaint of Discrimination against Defendants with the EEOC.

29. The EEOC mailed a Dismissal and Notice of Rights to Plaintiff on or about January 31, 2012. Plaintiff received said Dismissal and Notice of Rights letter from the EEOC on or about February 3, 2012. As such, Plaintiff is filing the instant lawsuit within the prescribed 90 days from receipt of said Notice. See (Exhibit 1 attached hereto).

### III.   RACE DISCRIMINATION

30. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as though fully set forth here.

31. Plaintiff is in a protected class because she is African-American and female. Plaintiff was qualified for her job. She suffered adverse treatment on the job, and upon information and belief, Plaintiff was replaced by an employee outside of her protected class.

32. The unlawful employment practices complained of above were intentional. Defendants, at all relevant times, acted with malice and/or reckless indifference to the legally protected rights of Plaintiff.

33. In particular, Plaintiff was treated differently than a similar-situated white employee by her white supervisors.

34. As a direct and proximate cause of Defendants' acts, Plaintiff's rights have been violated, and she has suffered damages.

## V. RETALIATION

35. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

36. On or about September 10, 2010 and September 22, 2010, Plaintiff complained to management about the disrespectful treatment she was receiving from a subordinate employee, Defendant Howell.

37. Thereafter, Plaintiff was subjected to adverse working conditions and terminated for pretextual reasons as opposed to Defendant Howell who received no adverse employment actions.

38. By the above acts, Defendants retaliated against Plaintiff on the basis of her complaining about her unequal, unfair, and disrespectful treatment by an employee who was less senior than she and who she helped train.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

## VI. CONSPIRACY

40. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

41. By the above acts, Defendants have intentionally discriminated, retaliated and conspired against Plaintiff in violation of 42 U.S.C. §§ 1985 and 1986 and Tennessee state law, causing pain, suffering and humiliation to the Plaintiff.

42. As a result of Defendants' conspiring against Plaintiff and their neglect to stop said conspiracy, Plaintiff has suffered monetary losses, and this Court should grant relief to Plaintiff.

## VII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

44. The foregoing acts of the Defendants were intentional and malicious and constitute outrageous conduct that would not be and is not tolerated in our civilized society.

45. Defendants' actions directly and proximately caused emotional and mental stress and damages to Plaintiff.

## VIII. MIXED MOTIVES

46. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

47. The foregoing acts of the Defendants were intentional and discriminatory despite any "employment at will" or legitimate arguments proffered by Defendants for Plaintiff's termination.

48. In particular, regardless of Plaintiff's two warnings prior to her termination, she was not terminated as a result of said warnings and a similar-situated white employee who was just as liable as Plaintiff was not terminated for the same conduct.

49. As long as a racial animus, retaliatory intent or elaborate scheme or conspiracy existed and motivated Defendants to terminate Plaintiff, which it was, Defendants are liable to Plaintiff for the resulting damages she suffered.

## IX. DEPRIVATION OF CONTRACT OF EMPLOYMENT

50. Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

51. The acts and failures to act of the Defendants, individually and jointly, deprived the Plaintiff of her right to make and enforce her contract of employment with Defendant Gastro One.

52. The acts and failures to act of Defendants, as described herein, violated the Plaintiffs rights as guaranteed him by 42 U.S.C. § 1981.

53. As a direct and proximate result thereof, the Plaintiff was injured as described herein. Therefore, Plaintiff demands judgment in her favor and against Defendants, individually and jointly, and for attorney fees as allowed under 42 U.S.C. § 1988.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

1. Declaring that the acts and practices complained of herein are in violation of the laws of the United States and the State of Tennessee;

2. Enjoining and permanently restraining these violations of the laws of the United States and the State of Tennessee;

3. Directing Defendants to take such affirmative action, including but not limited to, reinstating Plaintiff's employment, ensuring that the effects of these unlawful employment practices are eliminated, and making sure that Defendants' discriminatory, retaliatory and conspiratorial acts do not continue to adversely affect Plaintiff's employment opportunities;

4. Awarding Plaintiff lost wages, including lost fringe benefits, which resulted from their illegal discrimination;

5. Awarding Plaintiff compensatory and punitive damages in an amount that is yet to be ascertained for the injuries suffered as a result of Defendant's illegal discrimination;

6. Awarding Plaintiff the costs of this action, together with the reasonable attorney's fees;

7. Granting Plaintiff such other and further relief as this Court deems necessary and proper.

### IX. DEMAND FOR A TRIAL BY JURY

8. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

        Respectfully submitted,

        s/ Van D. Turner, Jr.
        VAN D. TURNER, JR. (#022603)
        BRUCE TURNER, PLLC
        6465 Quail Hollow Road, Suite 103
        Memphis, Tennessee 38120
        Phone: 901-271-3794
        Fax:    901-271-3780
        Email:  vturner@bruce-turner.com